**Robert Stempler**, Cal. Bar No. 160299
Email: Robert@StopCollectionHarassment.com
CONSUMER LAW OFFICE OF
ROBERT STEMPLER, APLC
P.O. Box 1721
Palm Springs, CA 92263-1721

Telephone (760) 422-2200
Fax: (760) 479-5957

Counsel for Plaintiffs

FILED
2009 JUL 30 AM 10: 46

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUI B. GOLD,<br>ROBIEMIN A. GOLD,<br><br>    Plaintiffs,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS INC.;<br>OSI COLLECTION SERVICES INC.;<br>and DOES 1 to 10;<br><br>    Defendants. | Case No. 09 CV 1646 LAB CAB<br><br>COMPLAINT FOR:<br>1.   VIOLATING THE FAIR DEBT COLLECTION PRACTICES ACT;<br>2.   CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;<br><br>and DEMAND FOR JURY TRIAL |

### Jurisdiction

1. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claim, pursuant to 28 U.S.C. § 1367 and rule 18(a) of the Federal Rules of Civil Procedure.

///

///

///

///

- 1 -

Parties

2. The plaintiffs, JAQUI B. GOLD and ROBIEMIN A. GOLD, are each a natural person, with their home in the San Diego. Plaintiff JAQUI B. GOLD is presently deployed at sea with the U.S. Navy, as an E-5 Corpsman and will be referred to individually as "Corpsman Gold." Plaintiff ROBIEMIN A. GOLD is referred to individually in this complaint as "Mrs. Gold."

3. Defendant NCO FINANCIAL SYSTEMS INC. ["NCO"] was and is an entity engaged primarily in the business of collecting debts, as a debt collection agency.

4. Defendant OSI COLLECTION SERVICES INC. ["OSI"] was and is an entity engaged primarily in the business of collecting debts, as a debt collection agency, which is closely affiliated with NCO with respect to the Account, as both companies' names appear in written communications from them. Because of the unknown close affiliation between NCO and OSI, they are collectively referenced in this complaint as "NCO."

5. The true names and capacities of the defendants sued herein as DOES 1-10, inclusive, are unknown to plaintiffs, at the present time.

Facts Supporting Each Claim

6. The defendants are debt collectors who attempted to collect an alleged debt, which NCO's correspondence referred to as "Creditor's Account # 000433703824," showing the creditor as "Americredit" [referenced in this complaint as the "Account"].

7. The Account concerns the purported written contract between Plaintiffs and a car dealership located in Hawaii, for a used Dodge Intrepid motor vehicle that was purchased primarily for Plaintiffs' personal, family, or household purposes.

8. On or about November 1, 2008, Mrs. Gold received a phone message from a woman employee of the defendants, which demanded payment on the Account, using a voice that sounded loud, in a tone and manner that Mrs. Gold found to be abusive or harassing.

9. Shortly thereafter, Mrs. Gold call NCO and explained to a collection agent that she was unable to pay the Account and that Corpsman Gold was deployed with the U.S. Navy out of the Country.

10. Upon hearing the circumstances as explained by Mrs. Gold, the agent used an abusive manner and threatened to call Corpsman Gold's Commanding Officer, because Mrs. Gold should not be in this kind of "trouble."

11. The threat to call Corpman Gold's Commanding Officer and discuss the status of the Account, caused Mrs. Gold to cry and worry.

12. Thereafter, Mrs. Gold received a collection letter requesting a telephone call to discuss the Account.

13. In response, Mrs. Gold called NCO at approximately 2:30 pm (Pacific Time) and spoke with more than one collection agent. Mrs. Gold explained that she would call NCO after work ended at 3:30 pm.

14. Within minutes of the 2:30 p.m. call, a woman collection agent of NCO called Mrs. Gold's cell phone and spoke in a loud voice, in a tone and manner that Mrs. Gold found to be abusive or harassing. Mrs. Gold explained that she had just spoken with others at NCO and explained she could speak only after leaving her work, which ended at 3:30 pm (Pacific Time).

15. At approximately 3:24 pm (Pacific Time), the same woman collection agent called Mrs. Gold's cell phone and stated, in the a loud voice, in a tone and manner that Mrs. Gold found to be abusive or harassing, "you gotta pay this amount or at least come up with something or else any information will be used against . . . ."

16. Mrs. Gold told the woman collection agent in that she was unable to talk, as she was still at work, as previously notified, and that Mrs. Gold would call after work ended at 3:30 pm. The woman collection agent then stated loudly and in a demeaning tone, "Well, ma'am, it is 3:30!" The time, however, was 3:24 pm.

17. During one of several phone conversations with Mrs. Gold, the defendants threatened again to contact Corpsman Gold's Commanding Officer.

18. The repeated threats to call Corpman Gold's Commanding Officer and discuss the status of the Account, caused Mrs. Gold to cry and worry.

19. Upon learning that NCO threatened to call his Commanding Officer, Corpsman Gold became upset, suffered emotional distress, and was worried about his career with the Navy and his future.

## FIRST CLAIM FOR RELIEF

### Violating the Fair Debt Collection Practices Act

### Against All Defendants

20. Those paragraphs under the headings "Jurisdiction," "Parties," and "Facts Supporting Each Claim" are incorporated by reference.

21. Plaintiffs are each a "consumer," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(3).

22. The defendants are each a "debt collector," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(6).

23. The purported credit transaction that the defendants have attempted to collect from plaintiffs, is a "debt," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(5).

24. The above-noted purported debt was purportedly incurred by plaintiffs for personal, family, or household purposes, i.e., used automobile.

25. The defendants violated numerous sections of the FDCPA, in particular, but not limited to: 15 U.S.C. §§ 1692c, 1692d, 1692e, 1692f.

26. The foregoing violations of the FDCPA are among the defendants' practices towards numerous consumers, such as plaintiffs, for which the defendants are motivated by enhanced profits and collections without resorting to litigation.

## SECOND CLAIM FOR RELIEF
### Violating California Rosenthal Fair Debt Collection Practices Act
### Against All Defendants

27. Those paragraphs under the headings "Jurisdiction," "Parties," "Facts Supporting Each Claim," and "Violating the Fair Debt Collection Practices Act" are incorporated by reference.

28. The Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq. ("Rosenthal Act") was enacted in 1976 to ensure the integrity of our banking and credit industry. Cal. Civil Code § 1788.1(a)(1). The Legislature found: "Unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Id.

29. The defendants are "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engaged in acts and practices in connection with the collection of consumer debts, and that none of the defendants to this claim are an attorney nor counselor at law.

30. Plaintiffs are each a "debtor" within the meaning of Civil Code § 1788.2(h), in that each is a natural person from whom the defendants sought to collect a consumer debt alleged to be due and owing.

31. The purported debt which the defendants have attempted to collect from Plaintiffs is a "consumer debt" within the meaning of Civil Code § 1788.2(f), in that it was incurred primarily for personal, family, or household purposes.

32. The defendants violated the Rosenthal Act, including Cal. Civil Code §§ 1788.10, 1788.12, 1788.13, 1788.17.

## PRAYER

WHEREFORE, plaintiffs pray for judgment as follows:

1. On the First Claim for violating the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. § 1692k, an award of actual and statutory damages, costs and reasonable attorneys' fees;

2. On the Second Claim for violating the California Rosenthal Fair Debt Collection Practices Act, pursuant to § 1788.30, an award of actual and statutory damages, costs and reasonable attorneys' fees;

3. For such other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that the plaintiffs demand trial by jury in this action.

Respectfully submitted,
CONSUMER LAW OFFICE OF ROBERT STEMPLER, APLC

By: Robert Stempler,
Attorney for Plaintiffs

℅JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JAQUI B. GOLD, ROBIEMIN A. GOLD

**(b)** County of Residence of First Listed Plaintiff  **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)  **Robert Stempler**
Consumer Law Office of Robert Stempler, APLC (760) 422-2200
P.O. Box 1721; Palm Springs CA 92263-1721

## DEFENDANTS
NCO FINANCIAL SYSTEMS INC
OSI COLLECTION SERVICES INC.

2009 JUL 30 AM 10: 40

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BY _____ DEPUTY

Attorneys (If Known)  **'09 CV 1646 LAB    CAB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq.
Brief description of cause:
Collection harassment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **To be determined**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  07/14/2009     SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 003513   AMOUNT $350   7/30/09 BH   APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS003513
Cashier ID: bhartman
Transaction Date: 07/30/2009
Payer Name: ROBERT STEMPLER
--------------------------------
CIVIL FILING FEE
 For: GOLD V NCO FINANCIAL
 Case/Party: D-CAS-3-09-CV-001646-001
 Amount:         $350.00
--------------------------------
CHECK
 Check/Money Order Num: 2416
 Amt Tendered: $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```